UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXPRESS RENT-A-CAR, LLC                     CIVIL ACTION

VERSUS                                      NO: 07-4356

U-SAVE FINANCIAL SERVICES, *ET*             SECTION: R(4)
*AL.*

**ORDER**

Before the Court is Express Rent-A-Car's Motion for Partial Summary Judgment Concerning La. Rev. Stat. § 22:1909. Express argues that defendant U-Save Financial Services is an unauthorized insurer under Louisiana law, and moves the Court to strike U-Save's pleadings or, in the alternative, require U-Save to post a bond. Express's motion is granted for the following reasons.

**I.  Background**

Express Rent-a-Car, LLC operated a rental car business at New Orleans's Louis B. Armstrong International Airport. In 2002, Express became a member of Auto Rental Resource Center. ARRC is

a corporation that provides benefits and services to businesses that sell or rent automobiles. ARRC is a subsidiary of United Risk Purchasing Group, which provides group insurance access to ARRC members. One benefit that ARRC and United offer members is a "Self-Insured Physical Damage Coverage Program." This program is administered by U-Save Financial Services. As an ARRC member, Express participated in the self-insured program.

Express sustained substantial damage to its rental car fleet as a result of Hurricane Katrina. On August 24, 2007, Express sued ARRC, United, and U-Save for failure to adequately compensate it for losses covered by the Self-Insured Physical Damage Program and for bad-faith penalties under La. Rev. Stat. §§ 22:1892 and 22:1973.[1] U-Save moved the Court for summary judgment, arguing, among other things, that it could not be held liable for bad-faith penalties because it is not an "insurer" as that term is defined in the bad-faith statutes. The Court rejected that argument, holding that, on the uncontested facts, "it is likely that the Louisiana Supreme Court would conclude that group self-insurers, such as U-Save, are 'insurers' within the meaning of LA. REV. STAT. § 22:1962." (R. Doc. 96 at 13.) Express filed the instant motion in response to this holding.

---

[1] Formerly LA. REV. STAT. §§ 22:658 and 22:1220.

**II. Legal Standards**

A.  Summary Judgment

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest

3

upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

B.  La. Rev. Stat. § 22:1909

Louisiana Revised Statute § 22:1909 requires that unauthorized insurers post a bond before filing a pleading in court "to insure that the injured party will be able to collect payment of a judgment against the unauthorized insurer." *Brunet v. Magnolia Quarterboats, Inc*., 711 So.2d 308, 315 (La. Ct. App. 1998). The statute states:

> Before any unauthorized insurer shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, such unauthorized insurer shall either (1) file with the clerk of the court in which such action suit, or proceeding is pending a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action; or (2) procure a certificate of authority to transact business in this state . . . .

La. Rev. Stat. § 22:1909. "'Unauthorized insurer' means an insurer which does not possess a certificate of authority to do business in the state." La. Rev. Stat. § 22:46 (18). "'Insurer' includes every person engaged in the business of making contracts of insurance, other than a fraternal benefit society." *Id.* at § 22:46 (10).

**III. Analysis**

4

U-Save advances several arguments that La. Rev. Stat. § 22:1909 does not apply, but none has merit.

*First,* U-Save argues that the Court's previous summary judgment Order did not hold that it was an insurer under Louisiana law, but only held that U-Save was not entitled to summary judgment dismissing Express's bad-faith claims. The Court's previous Order analyzed U-Save's own description of its Self-Insured Physical Damage Program and concluded that the program was insurance under Louisiana law. (R. Doc. 96 at 5-13.) No contested facts prevented the Court from making this legal finding on the summary judgment record, and U-Save points to none now. Though Express did not file a cross-motion moving the Court to declare U-Save an insurer in connection with the Court's previous Order, Express's current motion to strike U-Save's pleadings because it is an "insurer" requires such a holding. Because U-Save has not pointed to any contented facts requiring a result different from the Court's previous legal determination, the Court holds that U-Save is an insurer under Louisiana law.

*Second*, U-Save argues that the definition of insurer applicable to La. Rev. Stat. § 22:1909 differs from how that term is defined under the bad-faith statute. This is superficially true. Section 1909 requires that the insurer be "unauthorized," which means "an insurer which does not possess a certificate of

5

authority to do business in the state." La. Rev. Stat. § 22:46(18). U-Save, however, does not dispute that it does not have a certificate of insurance. The definition applicable under Section 1909 states that the term insurer "includes every person engaged in the business of making contracts of insurance, other than a fraternal benefit society," while insurer is defined in the bad-faith statutes as "any person . . . or any other legal entity engaged in the business of insurance." While one definition refers to the "business of making contracts of insurance" and the other "the business of insurance," this distinction, as applied to U-Save, does require a different outcome.

*Third*, U-Save argues that it is entitled to a trial on the merits to determine whether it is an insurer, relying on *Albers v. Schawb*, 221 So.2d 301, 303 (La. Ct. App. 1969). In that case, the court declined to strike the alleged unauthorized insurers' appeal because it was disputed whether an exception to Section 1909 (then section 1255) applied to the insurer. The court held that "[w]ithout sufficient evidence determining defendant's status, the application of the proper section of Title 22 is impossible." *Id.* When, as here, the undisputed facts indicate that the statute applies, *Albers* is inapplicable and a trial on the issue of insurer status is not warranted.

6

*Finally*, U-Save argues that Express should be estopped from arguing that Section 1909 applies to U-Save because Express raises this argument for the first time several years into litigation. Court's addressing the bond requirement in other states have found estoppel, waiver, and laches inapplicable on similar facts. *See Lakehead Pipe Lins Co., Inc. v. American Home Assurance Co.*, 981 F. Supp. 1205, 1212-1213 (D. Minn. 1997)(and cases cited therein)(year-and-a-half delay did not prevent insured from enforcing bond requirement). Further, a leading insurance treatise observes that courts are not receptive to such defenses in light of the strong public policy behind bond security statutes. *See* Couch on Insurance § 232:11 ("The nature of the public policy concern behind these preappearance security statutes is not likely to render the courts friendly to arguments that the requirements have been raised, or rendered inapplicable to a given case by estoppel."). In any event, U-Save cites no relevant law in favor of its defense.

**IV. Conclusion**

For the reasons stated, the Court GRANTS Express's Motion and refers this matter to the Magistrate to set an appropriate bond.

New Orleans, Louisiana, this 24th day of August 2009

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE